CÓRDOVA ET AL., PLAINTIFFS AND APPELLANTS, *v.* SURÍS ET AL., DEFENDANTS AND RESPONDENTS.*

APPEAL from the District Court of Mayagüez in intervention and injunction proceedings.

No. 992.—Decided December 22, 1913.

CONJUGAL PARTNERSHIP PROPERTY—PRESUMPTION.—The evidence introduced by the appellants tending to show that the property attached was acquired by the wife in her own name and that she had paid taxes thereon is not suffi-

---

* A motion for reconsideration filed by the appellant was overruled *per curiam* on February 18, 1914.

cient to destroy the presumption that the said property is conjugal partnership property.

INTERVENTION — RECORD OF TITLE — ATTACHMENT — EVIDENCE — PRIVATE DOCUMENT—THIRD PARTIES.—A private document which has never been recorded in a public registry and is introduced in evidence in an action of intervention for real property three months after the attachment and on the very day of the trial, cannot prejudice the creditor who attached the property, nor is it sufficient to establish the title of the intervenor and to justify the dissolution of the attachment.

The facts are stated in the opinion.

*Mr. Luis Montalvo Guenard* for appellants.

*Mr. Fernando Vázquez* for Mr. Juan Surís Cardona.

MR. JUSTICE WOLF delivered the opinion of the court.

The defendants and appellees attached a piece of property in the possession of their debtor, Matías Serrano. The appellants filed a suit in intervention against the defendants claiming the said property, but to prove their claim merely presented a private document from Antonia Molinari Malvé of date anterior to the attachment and not recorded anywhere, and such document was only presented to the secretary of the municipal court on the date of the trial, three months after the attachment. Antonia Molinari y Malvé is the wife of Matías Serrano, the said debtor.

Under the familiar principle of law any property acquired by the wife during the marriage is presumed to be ganancial, and while the appellants filed proof to show that the wife had purchased the property in her own name and had paid the taxes on the same, the presumption of the property being ganancial was not rebutted. Section 1195 of the Civil Code provides:

"Section 1195. The date of a private instrument shall be considered, with regard to third persons, only from the date on which it may have been filed or entered in a public registry, from the death of any of those who signed it, or from the date on which it may have been delivered to a public official by virtue of his office."

This is equivalent to section 1227 of the Spanish Civil Code, and in regard thereto the Supreme Court of Spain has said in its judgment of February 26, 1894:

"Although a private instrument legally acknowledged shall have, with regard to those who signed it and their legal representatives, the same force as a public instrument, no effect or efficacy may be given thereto as to third persons without previously complying with the provisions of section 1227 of the Civil Code, and therefore the filing in a court of justice of a document of such a nature as a basis of a suit in intervention is not a sufficient proof inasmuch as its efficacy arises from the date of the presentation thereof, which is subsequent, therefore, to that of the title sought to be defeated." See also *Hernández* v. *Ortiz*, 18 P. R. R., 1012; *Coto* v. *Rafas*, 18 P. R. R., 493.

The attachment of the property in question could only be defeated by a public record or other grounds of nullity recognized in the law, but not by a private writing from the debtor to the appellants.

As appellants did not bring themselves within any of the exceptions enumerated in said section, the appellees must be considered as third persons.

The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.